UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANNY PARDEE,

                        Petitioner,

    -vs-

SUPERINTENDENT D. NAPOLI,

                        Respondent.

**DECISION AND ORDER**
**No. 07-CV-0292(RJA)(VEB)**

*Pro se* petitioner Danny Pardee has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in New York State Supreme Court, Niagara County, on charges of intentional murder and criminal conspiracy. *See* Docket No. 1. Pardee's petition raises two grounds for relief. First, he contends petitioner argues that his trial counsel was ineffective for failing to request a change of venue based on the extensive pre-trial publicity generated by the crime. Second, Pardee argues that the trial court erred when it admitted, over defense objection, the statements of one petitioner's co-conspirators that he heard someone say that the victim was "still breathing." These claims were rejected on the merits on direct appeal. *People v. Pardee*, 24 A.D.3d 1252 (App. Div. 4th Dept. 2005), *leave denied*, 6 N.Y.3d 851 (N.Y. 2006).

Pardee now seeks an order from this Court appointing *pro bono* counsel. *See* Docket No. 8. Pardee states that he requires counsel because he is "illiterate to the law and do[es] not understand or comprehend the proceedings." Docket No. 8.

The Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules

Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed Pardee's application for counsel in light of the factors required by law as set forth by the Second Circuit in *Hodge*. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, Pardee has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Pardee's habeas claims appear to be ones which can be addressed and reviewed solely by means of the state court records. Therefore, it does not appear at this time that he requires the assistance of counsel to present the claims raised in his habeas petition.

Pardee claims that he needs counsel because he does not understand a "letter" sent to him by the Court. He apparently is referring to the order (Docket No. 7) entered by Chief District Judge Arcara referring the case to this Court, pursuant to 28 U.S.C. § 636(b), for the issuance of, among other things, a recommendation regarding the disposition of Pardee's habeas petition. Pardee states that the wants to know he is "suppose[d] to do next." Docket No. 8. Pardee is

advised that no action is required from him in regard to the referral order.

Based on the Court's review, Pardee's motion for appointment of counsel (Docket No. 8) is denied without prejudice. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. *See* 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:	September 12, 2008
	Buffalo, New York.